UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIOUS HENDERSON, an individual,<br><br>              Plaintiff,<br><br>  vs.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a business organization form unknown; and DOES 1 to 10, Inclusive,<br><br>              Defendants. | CASE NO. CV-09-03460 DDP (ARGx).<br><br>**PROTECTIVE ORDER** |

The parties to this action, by and through their respective counsel of record, have stipulated and agreed to the entry of a Protective Order. Based upon the stipulation and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

    1.    Documents or information classified and marked as "Confidential," as described in paragraph 2 below, (including, but not limited to, documents, exhibits, and deposition transcripts and testimony, and materials and documents prepared by experts containing confidential material), shall be governed by this Order.

    2.    Travelers may designate as "Confidential" information contained in

documents or testified to in deposition or discussed in an expert report regarding Travelers' trade secrets and/or confidential or proprietary information, including but not limited to its internal corporate policies, procedures and/or guidelines applicable to first party property damage claims in California.

3. The designation shall be by placing the word "CONFIDENTIAL" conspicuously on each page of the document or transcript, although an inadvertent failure to mark every page shall not nullify designation of the document or transcript. Whenever experts, attorneys, paralegals or other persons prepare discoverable documents that summarize, recite or otherwise disclose information so designated by Travelers as Confidential information, the party or attorney for whom those persons performed services shall affix the marking "CONFIDENTIAL" in a conspicuous manner on each of those documents.

4. If any information or material designated to be Confidential pursuant to this Order is used during the course of a deposition in this action, that portion of the deposition record reflecting such Confidential information shall be sealed and stamped or marked "CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Order.

5. Counsel for the deponent or another party may designate testimony as confidential by stating on the record during deposition that testimony given at the deposition is designated "Confidential." Alternatively, counsel for the deponent or another party may designate the entire deposition as "Confidential" until the transcript of the deposition has been obtained and reviewed. Within 20 days of obtaining the transcript, counsel shall notify the other parties of the page and line references of the portions of the transcript being designated as "Confidential." No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of the confidential information under the terms of this Order. Any court reporter who transcribes "Confidential" testimony in this action at a deposition shall agree, before transcribing any such testimony,

that all "Confidential" testimony is and shall remain protected and shall not be disclosed except as provided in this Order. Copies of any transcript, reporter's notes, or any other transcription records of any such designated testimony, will be marked "CONFIDENTIAL" and will be retained in absolute confidence and safekeeping by such reporter, delivered to the attorneys of record or filed under seal with the Court, or lodged with the Court without filing.

6. Material designated as "Confidential," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to:

    a. parties or employees of such parties for use in relation to this litigation only;

    b. counsel for the parties or employees of such counsel to whom it is necessary that the confidential information or material be shown or disclosed for purposes of this litigation;

    c. independent experts working directly on this litigation at the request or at the direction of counsel;

    d. a court reporter transcribing, and an outside person translating at, a deposition in this matter;

    e. the Court; and

    f. third party witnesses who are called upon to provide testimony in deposition in this action, and who are first provided a copy of this Order and agree to comply with its terms.

7. If a party seeks to file Confidential Information with the Court, the party shall submit an appropriate application to the Court in accordance with Local Rule 79-5.1.

8. If counsel for any party claims that any other party has unreasonably designated information or documents produced hereunder to be confidential, or otherwise seeks relief from the terms of this Order, objecting counsel may make an

application to this Court requesting that specifically identified documents be excluded from this Order, after the parties have conducted a prefiling conference in accordance with Local Rule 37-1.  Any filing with the Court shall comply with the other requirements of Local Rules 37-2 and 37-3.

9. Any person or entity aggrieved by a violation of this Order may petition the Court for appropriate relief.

10. Any application, petition, or motion to the Court for relief pursuant to this Order shall be filed in accordance with Local Rules 37-1 through 37-3.

11. Upon termination of this litigation, the originals and all copies of Confidential materials shall be turned over to counsel for the party who produced such documents, or destroyed, except that counsel may retain one copy of all documents containing confidential information for a period of one year and one day following termination of the litigation.  Upon request of the producing party, counsel for the receiving party shall provide an affidavit of compliance with this provision with 10 days of the request.

12. Any party may apply to the Court for modification of this Order,.

IT IS SO ORDERED.

Dated: July 8, 2010

By: _____
    Alicia G. Rosenberg
    United States Magistrate Judge